UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BACGEN TECHNOLOGIES, INC., a Washington corporation; MARTIN SHAIN, an individual; and RODGER PHILLIPS, an individual,<br><br>    Defendants. | No.:<br><br>COMPLAINT<br><br>(Declaratory Judgment) |

COMES NOW Plaintiff Colony Insurance Company ("Colony"), by and through its attorneys, and for its complaint against Defendants Bacgen Technologies, Inc., Martin Shain, and Rodger Phillips (collectively "Defendants"), alleges and claims as follows:

## I.    PARTIES

1.    Colony Insurance Company ("Colony") is, and was at all times material to this action, a corporation organized under the laws of the state of Virginia. Colony maintains its principal place of business in Richmond, Virginia, and regularly conducts the business of insurance in Washington.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

2. Bacgen Technologies, Inc. ("Bacgen") is, and was at all times material to this action, a corporation organized under the laws of the state of Washington. Bacgen maintains its principal place of business in Vashon, Washington, and regularly conducts business in Washington.

3. Upon information and belief, Martin Shain ("Shain") is, and was at all times material to this action, a resident of Washington. Shain is, and was at all times material to this action, a director, governor and officer of Bacgen.

4. Upon information and belief, Rodger Phillips ("Phillips") is, and was at all time material to this action, a resident of Washington. Phillips is, and was at all times material to this action, a director, governor and officer of Bacgen, and the registered agent for Bacgen.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside in this district.

## III. FACTUAL ALLEGATIONS

7. Colony provided commercial errors and omissions liability insurance coverage to Bacgen through Colony Insurance Company Policy No. PKC303680 (the "Policy"), effective between July 24, 2015, and July 24, 2016.

8. The Policy includes an Errors and Omissions Liability Coverage Part, which provides coverage for sums the insured becomes legally obligated to pay as damages because

1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

of wrongful acts to which the Policy applies, and further requires Colony to defend the insured against any suit seeking damages to which the Policy applies, pursuant and subject to all of the terms, conditions, limitations, exceptions, and exclusions set forth in the Policy.

9.   The State of Oregon ("Oregon") filed an action against Defendants in the Circuit Court of the State of Oregon for the County of Marion, Case No. 16CV28490 (the "Underlying Suit").  A copy of the complaint in the Underlying Suit is attached hereto as Exhibit A and is incorporated herein by reference for all intents and purposes.

10.   Defendants tendered the Underlying Suit to Colony for defense and indemnification.

11.   The Underlying Suit asserts claims for violations of the Oregon False Claims Act, ORS 180.750 *et. seq.*, and unjust enrichment, based upon allegations that Defendants, acting in their capacity as consultants to the Oregon University System ("OUS") and OUS's solar project developer, knowingly submitted false and fraudulent documents to the Oregon Department of Energy for the purpose of obtaining tax credits, under the Oregon Departments of Energy's Business Energy Tax Credit Program, for six OUS solar projects that were not otherwise eligible for the tax credits.

12.   The Underlying Suit alleges that all conduct resulting in Oregon's damages, and from which Defendants' alleged liability arises, occurred between 2008 and December 31, 2014.

13.   The Underlying Suit alleges damages in excess of $14,000,000.  In addition, the Underlying Suit alleges that Oregon is entitled to payment of penalties, reasonable attorney fees, and costs incurred.

/ / /

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

14. The Policy provides in relevant part as follows:

**ERRORS AND OMISSIONS LIABILITY COVERAGE PART (EV0006-0609)**

\* \* \*

**SECTION I – INSURING AGREEMENT**

**1.   Insuring Agreement E – Errors And Omissions Liability**

   a.   We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as 'damages' because of a 'wrongful act' to which this insurance applies. We may, at our discretion, investigate any incident and settle any 'claim' or 'suit' that may result. But the amount we will pay for 'damages' is limited as described in Section **IV** – Limits Of Insurance And Deductible within the Common Policy Provisions.

   b.   This insurance applies to 'claims' for 'damages' arising out of a 'wrongful act' only if all of the following conditions are met:

      (1)   Prior to the effective date of this Policy, no insured had knowledge of any act, error or omission that could reasonably give rise to a 'claim' under this Policy;

15. The effective date of the Policy is July 24, 2015.

16. The Policy further provides in relevant part as follows:

"**COMMON POLICY PROVISIONS**

\* \* \*

**SECTION V – COMMON EXCLUSIONS**

The following exclusions apply to all Coverage Parts attached to this Policy except where specifically noted:

This Policy does not apply to any 'claim:'

\* \* \*

COMPLAINT   Page 4

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

     **3.**     **Criminal, Fraudulent Or Dishonest Acts**

          Based upon or arising out of:

          **a.**     Any criminal, fraudulent, or dishonest act, omission or offense; however, we shall defend any allegations concerning this item **a.**, against any insured if such allegations involve a 'claim' to which this insurance otherwise applies until judgment or other final adjudication establishes, or if such insured admits, that such act, omission or offense was committed, or personally acquiesced in, by such insured;

          **b.**     Any act, omission or offense committed with knowledge of its wrongful nature or with the intent to cause damage;

          **c.**     The gaining by any insured of any personal profit, gain or advantage to which the insured is not legally entitled;

\* \* \*

     **7.**     **Executive Officer**

          Based upon or arising out of any liability arising from your services and/or capacity as an 'executive officer,' director, partner, trustee or 'employee' of a business enterprise not named in the Declarations.

\* \* \*

     **9.**     **Other Enterprises**

          Based upon or arising out of any liability arising out of any business enterprise owned, operated or managed by any insured or its parent company or the affiliate, successor or assignee of such company not named in the Declarations."

17.     The Policy further provides in relevant part as follows:

"**COMMON POLICY PROVISIONS**

\* \* \*

**SECTION VII – COMMON DEFINITIONS**

\* \* \*

  **3.** 'Claim:'

    **a.** With respect to Insuring Agreements **A**, **B**, **D**, and **E**, 'claim' means a demand for monetary 'damages.'

  * * *

  **5.** 'Damages' means the monetary amount of judgments, awards and settlements an insured becomes legally obligated to pay as a result of a 'claim.' 'Damages' does not include equitable or non-pecuniary relief, disgorgement of profits, sanctions, fines or penalties.

  **6.** 'Defense expenses' means fees charged by an attorney we designate and all other fees, costs and expenses which result from the investigation, defense, and appeal of a 'suit.'

    'Defense expenses' do not include:

    **a.** Any fines or penalties whether administrative, civil or criminal;

    **b.** Salary costs of our employees; or

    **c.** Those items included under this Policy as Supplementary Payments.

  * * *

  **19.** 'Professional services' means those functions performed for others by you or on your behalf that are related to you practice as a consultant, engineer, architect, surveyor, laboratory or construction manager.

  * * *

  **27.** 'Wrongful act' means an act, error or omission in the rendering of failure to render 'professional services' by any insured covered under Insuring Agreement **E**."

  18. The Policy does not apply to or provide any coverage for the claims, liability, or damages alleged in the Underlying Suit, and Colony denies that it has any duty to defend or indemnify Defendants for such claims, liability, or damages.

COMPLAINT            Page 6

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

19. Defendants disagree with Colony, and have demanded that Colony defend and indemnify Defendants against the claims, liability, and damages alleged in the Underlying Suit.

20. Colony is currently defending Defendants in the Underlying Suit pursuant and subject to a full reservation of rights. Colony is incurring, and will continue to incur, substantial costs in defending Defendants in the Underlying Suit.

21. Colony's defense of Defendants under reservation of rights is currently causing, and will continue to cause, irreparable financial harm to Colony in the form of expenses incurred for the defense of Defendants against claims, liability, and damages that are not covered under the terms and conditions of the Policy.

## IV.  CLAIM FOR RELIEF

**(Declaratory Judgment)**

22. Colony incorporates by reference herein the allegations set forth above in paragraphs 1 through 21.

23. A present and actual controversy exists regarding the respective rights of Colony and Defendants with respect to the Policy, and Colony's obligations, if any, to defend and indemnify Defendants against the Underlying Suit.

24. Colony seeks and is entitled to a declaration of the rights of the parties pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201(a).

25. Colony seeks a legal determination and declaration that Colony has no duty to defend or indemnify Defendants in relation to the Underlying Suit.

/ / /

/ / /

COMPLAINT                                Page 7

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Colony Insurance Company prays for the following relief:

1. Judgment against Defendants and in favor of Plaintiff Colony Insurance Company on all claims for relief stated herein;

2. A declaration that Colony does not have any duty or obligation to defend or indemnify Defendants in relation to the Underlying Suit;

3. An award of Colony's costs and disbursements as permitted by law or equity; and

4. Such other and further relief as the Court deems just and equitable.

DATED: July 24, 2018

        MALONEY LAUERSDORF REINER, PC


By /s/ Andrew C. Lauersdorf
    Andrew C. Lauersdorf, WSBA No. 35418
    E-Mail: acl@mlrlegalteam.com

Attorneys for Plaintiff Colony Insurance Company

COMPLAINT   Page 8

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417