HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BACGEN TECHNOLOGIES, INC., *et al.*,

    Defendants.

Case No. 2:18-cv-01085-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for default judgment. Dkt. # 31. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

The State of Oregon ("Oregon") filed an action against Defendants in Oregon state court (the "Underlying Suit") asserting claims for violations of the Oregon False Claims Act, ORS 180.750 et. seq., and unjust enrichment. Dkt. # 20-1. Oregon alleges that Defendants, acting in their capacity as consultants to the Oregon University System ("OUS") and OUS's solar project developer, knowingly submitted false and fraudulent documents to the Oregon Department of Energy ("ODoE") to obtain tax credits related to six solar projects. *Id.* The Underlying Suit alleges that ODoE's grant of tax credits based upon Defendants' false applications and documents resulted in damages in excess of $14,000,000. *Id.* Additionally, Defendant Martin Shain, a co-founder and officer at

ORDER – 1

Bacgen Technologies, Inc. ("Bacgen"), was indicted and prosecuted by Oregon for, among other charges, Racketeering and Forgery in the First Degree in relation to documents submitted to the ODoE. Dkt. # 20. Although Shain entered into a plea agreement with Oregon in which he was allowed to plead "no contest" to the Racketeering charges, he admitted to meeting with ODoE employees on September 5, 2012 and knowingly uttering two forged documents. *Id.* One of the forgeries purported to be an invoice from Solar Foundation Systems for the installation of "solar racking systems." *Id.* The other forgery purported to be a letter from one of the previous developers indicating it had spent $210,000 on various costs relating to the construction. *Id.*

Colony provided insurance coverage to Bacgen through Colony Insurance Company Policy No. PKC303680 (the "Policy"), effective from July 24, 2015 to July 24, 2016. *Id*. Defendants tendered the Underlying Suit to Colony for defense against the claims alleged for and indemnification of any damages judgment entered against them.

Section V of the Policy details exclusions to coverage, including any claim, "[b]ased upon or arising out of . . . :
> a. Any criminal, fraudulent, or dishonest act, omission or offense; however, [Colony] shall defend any allegations concerning this item a., against any insured if such allegations involve a 'claim' to which this insurance otherwise applies until judgment or other final adjudication establishes, or if such insured admits, that such act, omission or offense was committed, or personally acquiesced in, by such insured;
> b. Any act, omission or offense committed with knowledge of its wrongful nature or with the intent to cause damage;
> c. The gaining by any insured of any personal profit, gain or advantage to which the insured is not legally entitled
>
> ….

*Id.*

Although he was served with the complaint, Defendant Shain has not appeared in this action. On October 20, 2019, Colony moved for default judgment against Shain.

ORDER – 2

Colony seeks a declaration that the Policy does not provide coverage for the conduct, circumstances, claims, damages, and liability alleged against him in the Underlying Suit.

### III. LEGAL STANDARD

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014). In determining damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

ORDER – 3

## IV. DISCUSSION

In exercising its discretion on a motion for default judgment, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims; (2) the sufficiency of the claims raised in the complaint; (3) the possibility of prejudice to the plaintiff if relief is denied; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *Curtis*, 33 F. Supp. 3d. at 1211. As noted above, Colony seeks a declaration that that the Policy does not provide coverage for the conduct, circumstances, claims, damages, and liability alleged in the Underlying Suit.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." Here, in the instant case, Colony's allegations establish that the Policy does not cover the Underlying Action. The Complaint alleges that Shain admitted to knowingly forging documents to obtain ODoE's grant of tax credits under the BETC program. The Policy excludes coverage based upon or arising out of "[a]ny act, omission or offense committed with knowledge of its wrongful nature or with the intent to cause damage . . . ." Therefore, Colony's claim against Shain is sufficiently meritorious to weigh in favor of default judgment.

The remaining *Eitel* factors also favor default judgment. Colony faces ongoing legal costs in the state court matter and the risk of having to indemnify Shain. These costs may be considerable, and this action is the only mechanism available to avoid incurring them. *See Am. Commerce Ins. Co. v. Schierman*, No. C12-0195JLR, 2012 WL 13018750, at *3 (W.D. Wash. June 25, 2012) ("[T]here is great risk of prejudice to the plaintiff if the motion is denied, because this action is the only means by which [it] can establish that it has no

ORDER – 4

duty to defend or indemnify [the insured]."). There is no money at stake in the action as Colony only seeks a declaration of its obligations under the Policy and no costs. *Eitel*, 782 F.2d at 1471. Finally, no evidence of excusable neglect is before the Court. *Id*.

For the reasons stated above, the Court **GRANTS** Colony's motion for default judgment. Dkt. # 30.

DATED this 18th day of December, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5